IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES          Plaintiff, | | No.  CR-S-09-217 GGH |
|         vs. | | |
| CURTIS MCCURN          Defendant. _____/ | | |

*Introduction and Summary*

  An information was filed against defendant McCurn alleging in Count 1, possession of marijuana (dismissed pretrial) and possession of a switchblade in his vehicle in the maritime and territorial jurisdiction of the United States.  The latter charge was brought pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13 and Cal. Penal Code § 653k.  This latter charge had a maximum total incarceration penalty of six months imprisonment and $1,000.00 fine.   The case went to court trial on the state switchblade offense, and defendant was found guilty by the undersigned.

  Immediately after trial, but before judgment and sentencing which was about to be considered, defendant moved to arrest judgment (Fed.R.Crim.P. 34) on the grounds that a federal switchblade offense , 15 U.S.C. § 1243, precluded proceeding under the Assimilative Crimes

Act.[1] The court then asked the government to brief the issue.

The parties have not considered important consequences of their position in their briefing to the court. Because the undersigned must consider jurisdictional matters *sua sponte*, the case is hereby dismissed due to lack of jurisdiction without prejudice to the merits being determined in a subsequent proceeding.

*Discussion*

The state statute under which this case went to trial provides:

> Every person who possesses in the passenger's or driver's area of any motor vehicle in any public place or place open to the public, carries upon his or her person, and every person who sells, offers for sale, exposes for sale, loans, transfers, or gives to any other person a switchblade knife having a blade two or more inches in length is guilty of a misdemeanor.
> For the purposes of this section, "switchblade knife" means a knife having the appearance of a pocketknife and includes a spring-blade knife, snap-blade knife, gravity knife or any other similar type knife, the blade or blades of which are two or more inches in length and which can be released automatically by a flick of a button, pressure on the handle, flip of the wrist or other mechanical device, or is released by the weight of the blade or by any type of mechanism whatsoever. "Switchblade knife" does not include a knife that opens with one hand utilizing thumb pressure applied solely to the blade of the knife or a thumb stud attached to the blade, provided that the knife has a detent or other mechanism that provides resistance that must be overcome in opening the blade, or that biases the blade back toward its closed position.
> For purposes of this section, "passenger's or driver's area" means that part of a motor vehicle which is designed to carry the driver and passengers, including any interior compartment or space therein.

Cal. Penal Code § 653k

The state statute is a misdemeanor and has a maximum potential penalty of 6 months in prison

---

[1] Defendant's counsel improperly filed the motion to arrest judgment the day before trial commenced , at such a time so late in the afternoon that the undersigned was unaware of its filing when trial started the next day. Defendant's counsel who clearly knew of their position that the court lacked jurisdiction to proceed under the state statute prior to trial, allowed the trial to proceed just in case their client might have been found not guilty. The jurisdictional argument was then sprung on the undersigned after he potentially wasted his time conducting the trial. This conduct is unbecoming of personnel in the Federal Defender's Office. If a party believes that the court lacks jurisdiction, that party may not hide the argument thereby wasting court and the opponent's time only to raise it after all is said and done adverse to the party. Clearly, defendant was seeking to snare the United States in a double jeopardy trap, but his counsel may have been clever by half.

2

and/or a fine of $1,000.00.

Defendant asserts that because there was a federal statute proscribing switchblades in the territorial and maritime jurisdiction of the United States, proceeding under the Assimilative Crime Act (ACA) was precluded. The federal statute provides:

> Whoever, within any Territory or possession of the United States, within Indian country (as defined in section 1151 of Title 18), or within the special maritime and territorial jurisdiction of the United States (as defined in section 7 of Title 18), manufactures, sells, or possesses any switchblade knife, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

15 USC 1243.

There is no legitimate dispute that the events alleged against defendant occurred within the territorial and maritime jurisdiction of the United States. It is, of course true, that proceeding under the ACA may be improper if a federal criminal statute, occupying the field, would apply. Lewis v. United States, 523 U.S. 155, 118 S.Ct. 1135 (1998). The undersigned need not analyze this issue as the United States chooses not to contest defendant's assertion that proceeding under the state statute is improper because of the existence of the federal switchblade statute. The undersigned will also assume it to be so, but makes no explicit legal analysis to that effect, i.e., the assumption goes no further than this case.

The United States proceeds under the usually correct premise that this ACA error can be cured simply by resentencing under the correct federal statute. Lewis, supra; See also cases cited in the government's brief. However, in this case, the correct federal statute is a felony over which the undersigned as magistrate judge has no jurisdiction. And, that jurisdiction is determined, pure and simple, by the maximum *potential* penalty. The government also does not address the situation, even if the federal switchblade statute were a Class A misdemeanor, that the defendant might have been prejudiced because he would have been entitled to a jury trial on the federal charge, but only a court trial under the state statute. Certainly under the felony charge, defendant was entitled to a jury trial. Apprendi v. United States, 530 U.S. 466 (2000), and its progeny emphasize the importance of jury trials.

1  Thus, the court finds itself in a position where there is no federal statute under
2 which the undersigned can resentence.  Because the court has no jurisdiction to try and sentence
3 state criminal offenses, absent applicability of the ACA, and has no jurisdiction under the federal
4 statute, defendant's motion to arrest judgment is granted, but on the basis of a lack of jurisdiction.
5  The court does so without stating any opinion whether this misdemeanor case
6 based on state law, dismissed for lack of jurisdiction prior to judgment, and not on the merits, can
7 be indicted as a federal felony without violation of double jeopardy protections.[2]

*Conclusion*

9  This case is dismissed for lack of subject matter jurisdiction.  It is dismissed
10 without prejudice to a refiling on federal charges.  The court makes no determination here whether
11 double jeopardy would permit a subsequent case filing based on the federal switchblade statute.
12 IT IS SO ORDERED

14 DATED: August 27, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties may want to review Serfass v. United States, 420 U.S. 377, 392-393 (1975).